

values of various parts of the property, and the like."

There is no evidence whatever that Richardson, if he actually was the owner, or the named insured, or anyone in their behalf had been led by representatives of the company to believe that performance of the condition of the contract was waived or might not be required.[2]

We are satisfied that on the record presented to the trier, there was no alternative but to dismiss.

Affirmed.

Mr. Irving Turner, Washington, D. C., for appellant.

Mr. Richard W. Barton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

**Dorothy WILLIAMS, Appellant**

v.

**Donald C. HOWARD, Appellee.**

**No. 15614.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 13, 1961.

Decided April 27, 1961.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the defendant in a personal injury suit, after a directed verdict at the close of plaintiff's case. Defendant was the driver of a District of Columbia fire engine which—while on the way to a fire—collided with the car in which plaintiff was a passenger. We think the evidence did not raise an issue of negligence sufficient to go to the jury.

Affirmed.

2. Appellant argued that appellee waived compliance with the conditions of the policy. Not only did the trial court refuse so to find, but upon the evidence presented it could not have so found. See generally, Taubman v. Allied Fire Ins. Co. of Utica, 4 Cir., 1947, 160 F.2d 157.